UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERCA, *ex rel.* JOHN CONNOR, individually,

    Plaintiffs,

v.

JOHN HYNES, NEWAVE MEDICAL SUPPLIES LLC, and DOES 1-100,

    Defendants.

_____/

Case No: 8:21-cv-0083-CEH-TGW

## **ORDER**

This cause comes before the Court on the Notice of Declination and Notice of Dismissal Without Prejudice (Doc. 26), filed jointly by Relator John Connor and the United States of America. In the Notice, the parties explain that the Government declines to intervene in this *qui tam* action, and the Relator voluntarily dismisses the action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). In accordance with the Notice, this action will be dismissed without prejudice.

In addition, the Government requests that, "except for the complaint, this notice, and the order unsealing this case, all other papers remain under seal," because the papers "disclose the content and extent of the United States' investigation for the sole purpose of the Court's evaluating whether to extend the seal and the time for

deciding whether to intervene." Doc. 26 at 1-2. The Government's request is due to be granted in part.

## DISCUSSION

There is a "presumptive common law right to inspect and copy judicial records." *United States v. Rosenthal*, 763 F.2d 1291, 1293 (11th Cir. 1985), citing *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597 (1978). Nonetheless, the right of public access "may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007), quoting *Chicago Tribune v. Bridgestone/Firestone,* 263 F.3d 1304, 1309 (11th Cir.2001). Good cause is established by showing that disclosure will cause "a clearly defined and serious injury." *Digital Assurance Certification, LLC v. Pendolino*, No. 6:17-CV-72-CEM-TBS, 2017 WL 320830, *2 (M.D. Fla. Jan. 23, 2017).

The False Claims Act ("FCA") requires that *qui tam* actions be filed under seal. 31 U.S.C. § 3703(b)(2). Pleadings and other filings will be kept under seal during the time in which the United States makes its decision of whether to intervene; the complaint will be unsealed if the Government declines to intervene. *Id.* § 3703(b)(3); *United States v. Sunovion Pharmaceuticals, Inc.*, No. 8:14-cv-1319-VMC-MAP, 2016 WL 6071737, *1 (M.D. Fla. Oct. 17, 2016).

The FCA does not address whether continued sealing of other documents in a *qui tam* case is warranted after the intervention period. In evaluating Government

requests for indefinite sealing, courts have considered whether the documents contain sensitive and substantive details of governmental methods of investigation, names of witnesses, or information about particular documents or individuals. *See United States v. Aurora Diagnostics, Inc.*, No. 1:16-cv-21338, 2017 WL 8781118, *2 (S.D. Fla. Aug. 30, 2017) (collecting cases); *United States ex rel. Cobb-Morgan v. Memorial Hospital, Inc.*, No. 6:20-cv-171-GAP-EJK, 2022 WL 13888532, *2-3 (E.D. Ky. Oct. 11, 2022) (collecting cases). Descriptions of "routine investigative procedures" that contained "no information about specific techniques," on the other hand, may not warrant sealing. *Id.* (citations omitted).

The Government has not established good cause for its request for indefinite sealing of "all other papers" in the case file except for the Complaint, the Notice, and this Order. *See* Doc. 24. The only documents that arguably "disclose the content and extent of the United States' investigation," *id.*, are the memoranda in support of the Government's motions for extension of the intervention period, which describe the investigatory steps the United States took or intended to take in each six-month period. *See* Docs. 7, 11, 16, 20, 24. Although many of those steps were "routine investigatory procedures," some of them involved specific individuals or listed substantive details of the investigation. Accordingly, good cause supports the indefinite sealing of only those documents.

In accord with the Notice of Declination and Notice of Dismissal Without Prejudice, it is **ORDERED:**

1) The seal of this action shall be lifted as to the Complaint, this Order, all matters occurring in this action after the date of this Order, and all contents of this Court's file except for the following documents, which shall remain under seal and not be made public: Docket numbers 7, 11, 16, 20, and 24.

2) This cause is dismissed, without prejudice.

3) The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Tampa, Florida on August 16, 2024

Charlene Edwards Honeywell
United States District Judge

*Copies to:*

Kelley Howard-Allen
Assistant United States Attorney
400 N. Tampa Street
Suite 3200
Tampa, Florida 33601

*Counsel for the United States of America*

Andrew J. Shamis, Esq.
14 NE 1st Avenue, Suite 705
Miami, FL 33132

*Attorney for the Relator*